UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAM LEE VALLELY,<br><br>    Defendant. | Case No. 4:18-cr-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by the defendant. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Defendant Vallely claims that the Government added three charges to the original Indictment to punish him for rejecting the Government's plea offer. He alleges that the Government had the evidence supporting these charges prior to the plea negotiations but waited until he rejected the plea offer to file them as a punishment for rejecting the plea offer. This vindictive prosecution, Vallely argues, is a due process violation and should result in a dismissal of those three charges.

**Memorandum Decision & Order – page 1**

During the plea negotiations, the Government told the defendant it was considering adding additional charges. *See Exhibit 1 (Dkt. No. 271-1).* When the defendant rejected the plea offer, the Government added those charges.

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. *U.S. v. Gamez-Orduno*, 235 F.3d 453, 462-63 (9th Cir. 2000) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). However, there is no due process violation when the Government "carries out a threat made during plea negotiations to reindict the accused on more serious charges if he does not plead guilty to the offense with which he was originally charged." *Bordenkircher*, 434 U.S. at 358. The "courts have concluded that threatening and then filing more severe charges as an outgrowth of plea negotiations does not violate due process." *Gamez-Orduno*, 235 F.3d at 462-63.

The Government told Vallely during plea negotiations that it was considering additional charges. When Vallely rejected the plea offer, the Government added those charges. Under the authorities quoted above, the Government did not engage in vindictive prosecution and Vallely's motion must therefore be denied.

# ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED that the motion to dismiss (Docket No. 268) is DENIED.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge