UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM LEE VALLELY,<br><br>Defendant. | Case No. 4:18-cr-00267-BLW<br><br>**MEMORANDUM CLARIFYING ORDER AT DKT. 347** |

On September 29, 2021, this Court granted defense counsel's Motion for a Competency Hearing. *See* Dkt. 347. Although Mr. Vallely had indicated he would not cooperate in the process, the Court ordered him to undergo a psychological examination prior to the date of the competency hearing. *Id.* at 2.

At this time, and given Mr. Vallely's reluctance to undergo the examination, the Court will clarify that, as a general rule, any statements Mr. Valley makes during the examination cannot be used against him at trial. *See generally* U.S. Const. Amend. V.; *Estelle v. Smith,* 451 U.S. 454 (1981). There is a limited exception to this rule if Mr. Vallely were to put forward a mental-status defense. *Kansas v. Cheever,* 571 U.S. 87, 93 (2013). At this time, the Court does not have any indication that Mr. Vallely intends to put forward such a defense. If, however,

**ORDER OF CLARIFICATION - 1**

he were to put forward such a defense, there is a possibility that the Government would be able to introduce statements made during the court-ordered psychological exam for the limited purpose of rebutting the mental-status defense. *Buchanan v. Kentucky*, 483 U.S. 402, 423-24 (1987) (holding that the Fifth Amendment allowed the prosecution to present evidence from a court-ordered evaluation to rebut the defendant's affirmative defense of extreme emotional disturbance).

DATED: November 30, 2021

_____
B. Lynn Winmill
United States District Judge

ORDER OF CLARIFICATION - 2